CASE 66—PETITION EQUITY—OCTOBER 5.

## Thumb vs. Gresham, &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. The provisions of the Revised Statutes, in reference to the jurisdiction of the county courts to grant administration, are substantially the same that were contained in the previous statutes on the same subject.

2. A county court in this State has no jurisdiction to grant administration on the estate of a person who died domiciled in another State, where there is no *personal* estate here to be administered; and every such grant is void, and confers no power or authority on the person appointed as administrator.

3. The statute which regulates the administration of the estate of any person who was an inhabitant of any other State or country, as well as that which provides for the settlement and distribution of insolvent estates, by an action to be brought for that purpose by the administrator, contemplates the existence of personal estate, and its due and proper administration; and has no application to a case where the estate of the decedent does not pass into the hands of an administrator, and where no duties or liabilities can devolve upon him. (*Revised Statutes, p.* 335; *Civil Code, secs.* 465, 466.)

J. L. CLEMMONS, for appellant, cited *Civil Code, secs.* 465, 466. T. A. MARSHALL on same side.

JOHN W. BARR, for appellees, cited *Rev. Statutes, sec.* 27, *title Wills; Ib., chap.* 37, *art.* 2 ; *Burrill's Law Dic.,* 434 ; *Jacob's Ib.,* 435 ; *Story's Eq. Jur.,* 531.

BOONE & PENNEBAKER, on same side, cited *Civil Code, secs.* 465, 466, 467 ; *Revised Statutes, p.* 335, *sec.* 1.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT :

The first question that arises in this case relates to the power ·of the county court of Jefferson county to grant administration on the estate of Mary Elizabeth Gresham, deceased. If the grant of administration were unauthorized, it follows as a necessary consequence that the person appointed administra-

tor had no right to institute this action for the settlement of the intestate's estate, and that, therefore, the whole proceeding was illegal and erroneous.

The provisions contained in the Revised Statutes, in reference to the jurisdiction of the county courts to grant administration, are substantially the same that were contained in the previous statutes on the same subject.

In the construction of those statutes it was held, that where the intestate was domiciled and died in another State, but had personal property in this State, the county court of the county where the property was at the time of his death had power to grant administration on the estate; but that no administration could in such a case be granted in this State, unless there were assets here to administer. (*Embry vs. Miller*, 1 *Marshall*, 303; *Drake's administrator vs. Vaughn*, 6 *J. J. Marsh.*, 146; *Fletcher's administrator vs. Wier*, 7 *Dana*, 347.)

In this case the decedent died in another State, and resided there at the time of her death. She owned a house and lot in the city of Louisville, but had no personal property of any description in the county of Jefferson, or anywhere else in the State of Kentucky. There were no assets, therefore, in this State to be administered. The house and lot were assets which descended to the heir at law, and which in his hands could be subjected by creditors to the payment of the decedent's debts. But there were no assets to go into the hands of an administrator, and consequently no necessity for a grant of administration.

The statute provides that when any person shall die intestate, that court shall have jurisdiction to grant administration on *his estate* that would have had jurisdiction to grant a certificate of the probate of his will had he died testate. If he die testate, the will must be proved before the county court of the testator's residence; if he had no known place of residence, and no land was devised, then in the county where he died, or that wherein his estate, or the greater part thereof, shall lie. These provisions evidently refer to residents of this State. But giving them such a construction as will make them apply to persons who were domiciled in another State at the time of

their death, still the county wherein the testator's estate, or the greater part thereof, shall lie, if that estate consists of land exclusively, although proper to point out the place where probate of the will should be made, can have no application in determining the jurisdiction of the court in granting administration. In our opinion, a county court in this State has no jurisdiction to grant administration on the estate of a person who died domiciled in another State, unless there be some personal estate here to be administered.

The statute which regulates the administration of the estate of any person who was an inhabitant of any other State or country, as well as that which provides for the settlement and distribution of insolvent estates by an action to be brought for that purpose by the administrator, contemplates the existence of personal estate, and its due and proper administration; and has no application to a case like the present, where the estate of the decedent does not pass into the hands of an administrator, and where no duties or liabilities can devolve upon him. (*Rev. Stat., p.* 335; *Civil Code, secs.* 465, 466.)

The deduction to be drawn from the provisions of these statutes is, that the legislature only intended administration to be granted on the estate of a person who was domiciled and died in another State, when he had personal estate to be administered in this State; and this deduction tends to fortify the construction which we give to the statute regulating the jurisdiction of the county courts on the subject of the grant of administration.

Where there are no assets in this State belonging to a decedent who resided in another State, to be administered here, the county courts have no jurisdiction to grant administration; and every such grant is void, and confers no power or authority on the person appointed as administrator. It follows that the grant of administration in this case was unauthorized and void, and, therefore, that the plaintiff had no right to bring this action for a settlement of the decedent's estate.

Wherefore, the judgment is reversed and cause remanded, with directions to dismiss the petition.